No. 11–0611/AR.  U.S. v. Louis F. Dietz.  CCA 20081031.  Appellant's motion to extend time to file the supplement to the petition for grant of review granted to July 29, 2011.

Friday, July 15, 2011

No. 11–0496/AR.  U.S. v. Christopher D. Rice.  CCA 20090857.  Review granted on the following issue:

WHETHER AN ARTICLE 134 CLAUSE 1 OR 2 SPECIFICATION THAT FAILS TO EXPRESSLY ALLEGE EITHER POTENTIAL TERMINAL ELEMENT STATES AN OFFENSE UNDER THE SUPREME COURT'S HOLDINGS IN *UNITED STATES v. RESENDIZ–PONCE* AND *RUS-*

*Henderson*, which underscores the need for a more nuanced approach to the issue of whether a statutory time period should be treated as jurisdictional, demonstrates that our Court was not compelled to overrule our longstanding interpretation of Article 67.  *Henderson* considered whether a military veteran was jurisdictionally barred, under *Bowles*, from raising a claim before the United States Court of Appeals for Veterans Claims because the 120–day filing requirement was established by statute.  The Supreme Court in *Henderson* explained that the consequences of a jurisdictional interpretation are so drastic that a rule should not be labeled jurisdictional unless it governs a court's adjudicatory capacity, that is, its subject–matter or personal jurisdiction.  *Id.* at 1202.  The Court noted that filing deadlines are quintessential claims–processing rules and they should not be described as jurisdictional unless Congress has decided to establish jurisdictional consequences to such a rule.  *Id.* at 1203.  The test, under *Henderson*, is whether there is any 'clear' indication that Congress wanted the rule to be 'jurisdictional.'  *Id.* (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515–16 (2006)).

In *Henderson*, the Supreme Court considered the text and the context of the applicable statute, and concluded that Congress had not intended the legislation to carry jurisdictional consequences.  *Id.* at 1203–06.  In reaching this conclusion, the Court noted that the statute at issue addressed review of an administrative decision rather than review of a court–based decision, that it concerned special congressional solicitude for veterans' benefits, and other unique aspects of the statutory framework.  *Id.*

The question before us is not whether the similarities or differences between Article 67 and the statute at issue in *Henderson* compel a particular interpretation of Article 67.  The question posed by the present appeal is whether our Court in *Rodriguez* correctly interpreted *Bowles* as establishing a statutory/rule–based distinction that required us to abandon our longstanding, consistent interpretation of Article 67.  In that regard, *Henderson* underscores that the Supreme Court has not adopted such a distinction, and that the Supreme Court has instead emphasized that filing timelines should not be interpreted as jurisdictional absent a clear indication that Congress intended such a drastic result.

Congress, in the UCMJ, has required the government to provide appellate counsel for an accused servicemember under Article 70, UCMJ, 10 U.S.C. § 870 (2006).  *Rodriguez*, which treats the filing period as jurisdictional, precludes waiver under any circumstance.  Under *Rodriguez*, even if a servicemember can demonstrate that a belated filing resulted from deficient performance by a government–furnished attorney, the appeal must be dismissed.  *Rodriguez* closes the courthouse door to members of the armed forces, such as the petitioner in this case, regardless of whether the servicemember can demonstrate good cause for a belated filing.  Our longstanding interpretation of Article 67 reflects that there is no clear indication that Congress intended such a drastic result.  Accordingly, I respectfully dissent.

*SELL v. UNITED STATES*, AND THIS COURT'S RECENT OPINIONS IN *MEDINA, MILLER,* AND *JONES.*

No briefs will be filed under Rule 25.

No. 07–0870/AF. U.S. v. Charles S. Roach. CCA S31143. Appellant's motion to extend time to file the supplement to the petition for grant of review granted to August 3, 2011.

No. 11–0614/NA. U.S. v. Abayomi O. Kalejaiye. CCA 201100007. Appellant's motion to extend time to file the supplement to the petition for grant of review granted to August 4, 2011.

Monday, July 18, 2011

Misc. No. 11–8039/AR. James Z. Yelverton, v. United States. CCA 20110092. Notice is hereby given that a writ-appeal petition for review of the decision of the United States Army Court of Criminal Appeals on application for extraordinary relief was received by mail under Rule 27(b) on April 21, 2011, and placed the docket this 18th day of July, 2011. On consideration thereof, it is ordered that said writ-appeal petition is hereby denied.